UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHERYL ELLIS,

                            Plaintiff,                    Civil Action No.

-against-                                                    COMPLAINT

CAVALRY INVESTMENTS, LLC, and
CAVALRY SPV I, LLC,

                            Defendant.

---

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for the violations by Defendant Cavalry Investments, LLC and Cavalry SPV I, LLC of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The debt sought to be collected by Cavalry Investments, LLC and Cavalry SPV I, LLC was an alleged consumer credit debt of Cheryl Ellis to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff Cheryl Ellis (hereinafter called "Ellis") is a natural person residing in the County of Monroe, State of New York.

4. Upon information and belief, Defendant Cavalry Investments, LLC (hereinafter called "Cavalry Investments"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

5. Upon information and belief, Defendant Cavalry SPV I, LLC (hereinafter called "Cavalry SPV I") is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at Office of the General Counsel, 500 Summit Lake Drive, Valhalla, New York 10595.

6. Cavalry Investments and Cavalry SPV I each fall within the definition of "debt collector" as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Cavalry Investments or Cavalry SPV I itself as a result of the purchase of consumer credit debt already in default at the time of purchase.  Upon information and belief, Cavalry Investments purchased the consumer credit debt alleged to be owed by Ellis after it was already in default, and Cavalry SPV I claimed to be the assignee of HSBC Retail Card Services, Inc. for consumer credit debt already in default at the time of assignment.

7. Ellis qualifies for purposes of this action as an individual consumer pursuant

to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

### IV. FACTUAL ALLEGATIONS

8. Cavalry Investments commenced a lawsuit against Ellis in the Supreme Court, County of Monroe, State of New York, Index No. 13/14243, within the past year by filing of a Summons and Complaint filed in the Monroe County Clerk's Office on December 18, 2013. The New York State Supreme Court action was for the purpose of collecting consumer credit debt allegedly owed by Ellis to Cavalry Investments. The consumer credit debt was allegedly purchased by Cavalry Investments when already in default from account seller HSBC Retail Card Services, Inc.

9. On or about April 14, 2014, Cavalry SPV I, LLC as the alleged Assignee of HSBC Retail Card Services, Inc. docketed a judgment against Cheryl Ellis in the Monroe County Clerk's Office. Such judgment bore Index No. 13/14243, and was for the same amount as the complaint filed by Cavalry Investments against Ellis on December 18, 2014, in Supreme Court, County of Monroe, State of New York.

10. Cavalry SPV I never filed a lawsuit against Ellis designated Cavalry SPV I, LLC v. Cheryl Ellis, Supreme Court, County of Monroe, State of New York, Index No. 13/14243. There was no legal basis for Cavalry SPV I to file a judgment against Ellis in the Supreme Court action assigned Index No. 13/14243.

11. Subsequent to filing the Summons and Complaint, Cavalry Investments had served on Ellis a Sheriff's Income Execution allegedly based on a judgment recovered against Ellis for $2,002.95 and transcripted with the Clerk of Monroe County on April 14, 2014. The alleged judgment amount included costs and fees of $545.00.

12. The Sheriff's Income Execution commanded Ellis, as Judgment Debtor, to

make payments to the Enforcement Officer who served the Income Execution on her, and further directed Ellis' employer, Bags Unlimited, to make payments to such Enforcement Officer.

13. However, no judgment was recovered by Cavalry Investments against Ellis; therefore, there was no basis to serve an Income Execution on Ellis or her employer, or to command her or her employer to make payments based on any judgment pursuant to any Income Execution.

14. Further, there was no basis for Cavalry Investments to recover judgment costs and fees of $545.00. In addition, the Sheriff of Monroe County indicated that the total amount due on the alleged judgment by 05/28/2014 was $2,178.93, which included interest; mileage, levy, and filing fees; and sheriff poundage totaling $175.98, none of which was collectible pursuant to any judgment by Cavalry Investments.

## V. CLAIM FOR RELIEF

15. Ellis repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

16. By serving an Income Execution on Ellis and her employer without obtaining a judgment, Cavalry Investments has violated the initial part of 15 U.S.C. § 1692e, which states that a "debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt." Cavalry Investments falsely and deceptively stated in the Income Execution that it recovered a Judgment against Ellis.

17. Cavalry Investments further violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount and legal status of the debt on which it was attempting to collect. Specifically, Cavalry Investments falsely represented that it obtained a judgment against

4

Ellis that it did not in fact obtain. Since Cavalry Investments did not recover a judgment against Ellis, it also falsely represented that Ellis owed an amount on the debt that included judgment costs and fees of $545.00, as well as interest; mileage, levy and filing fees; and sheriff poundage totaling $175.98, none of which were owed by Ellis to Cavalry Investments.

18. Cavalry Investments violated 15 U.S.C. § 1692e(10) by falsely representing that it obtained a judgment against Ellis, when in fact it did not.

19. Cavalry Investments violated 15 U.S.C. § 1692c(b) by communicating with a third party, Ellis' employer, by means of an unauthorized Income Execution, without the prior consent of Ellis given directly to Cavalry Investments, and such communication was not reasonably necessary to effectuate a postjudgment judicial remedy because Cavalry Investments obtained no judgment against Ellis.

20. Cavalry Investments violated 15 U.S.C. § 1692f(1) by attempting to collect pursuant to a judgment that it did not obtain, an amount not authorized by law, including judgment costs and fees of $545.00, as well as interest; mileage, levy and filing fees; and sheriff poundage totaling $175.98; as well as the amount claimed due in its complaint.

21. Cavalry SPV I violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of the debt by filing a judgment against Ellis to which it was not entitled in an action by another party against Ellis on an alleged debt which it did not own.

22. Cavalry SPV I violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt by filing a judgment against Ellis to which it was not entitled in an action by another party against Ellis on a debt which it did not own.

23. Cavalry SPV I violated 15 U.S.C. § 1692f(1) by filing a judgment against Ellis for an alleged debt which it did not own and for which there was no agreement or legal basis.

24. As a result of Cavalry Investments's violations of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692f(1), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692c(b) Ellis is entitled to actual damages (including but not limited any monies collected on the Income Execution, emotional distress, and any monies owed to the Sheriff as a result of the filing of the income execution), statutory damages, attorney fees for this FDCPA action, and costs and disbursements of this action.

25. As a result of Cavalry SPV I's violations of 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f (1), Ellis is entitled to actual damages (including emotional distress), statutory damages, attorney fees for this FDCPA action, and costs and disbursements of this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Cavalry Investments awarding Ellis actual damages, including damages for money collected under the Income Execution, monies owed to the Sheriff, and emotional distress; statutory damages; attorney fees in prosecuting the FDCPA action, and costs and disbursements of this action; and that judgment be entered against Cavalry SPV I for actual damages, statutory damages, and attorney fees, and costs and disbursements of this action, and such other and further relief be awarded against defendants as may be deemed just and proper.

Dated: December 16, 2014

Respectfully submitted,

s/David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
2129 Five Mile Line Road
Penfield, NY 14526
585-330-2222
dmkaplan@rochester.rr.com

7